UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jorge C., | File No. 26-cv-1214 (ECT/LIB) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

---

Luke Grundman, Mid-Minnesota Legal Aid, Minneapolis, MN, for Petitioner Jorge C.

Ann M. Bildtsen and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

---

Petitioner Jorge C. is a citizen of Mexico who was detained in Minnesota by Immigration and Customs Enforcement ("ICE") agents on January 9, 2026, as part of "Operation Metro Surge." Pet. [ECF No. 1] ¶¶ 21–22. On January 10, 2026, Jorge "was transferred to an ICE holding facility in El Paso, Texas, due to bed space constraints in Minnesota." ECF No. 7 ¶ 6. Then, on January 26, 2026, Jorge was transferred to the "Cibola County Correctional Center in Milan, [New Mexico]," where he remains in custody. *See* ECF No. 7 ¶ 7. Jorge filed a Verified Petition for Writ of Habeas in this District on February 8, 2026, seeking his release from custody or, alternatively, "bail

pending adjudication." *See* Pet. ¶¶ 52–59 & at 16–17.  On February 13, 2026, Jorge had a custody redetermination hearing in immigration court in New Mexico, and the immigration Judge denied bond.  *See* ECF No. 12-1.

"[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  "An exception is recognized, however, where the petitioner's location is unknown at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana M.Y.M. v. Easterwood*, No. 26-cv-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026); *accord* Order at 1–2, *Fausto T. v. Bondi*, No. 26-cv-748 (PJS/EMB) (D. Minn. Jan. 28, 2026), ECF No. 3; Order at 2–3, *Angel A. v. Lyons*, No. 26-cv-777 (SRN/ECW) (D. Minn. Feb. 2, 2026), ECF No. 7.  This exception does not apply here.  Jorge was detained in New Mexico at the time he filed his Petition.  *See* ECF No. 7 ¶ 7.  Jorge acknowledges that he "contacted his partner multiple times since the date of his arrest to inform her that he is being or has been transferred." Pet. ¶ 23; *see also id.* ¶ 3.  Though the Petition alleges that Jorge was "unlocatable" on ICE's Online Detainee Locator system, *id.* ¶ 13; *see also id.* ¶¶ 3, 23, the Petition does not allege that Jorge did not (or could not) communicate his location to his partner, nor does it allege that Jorge was unable to communicate with his counsel.  On these facts, I find that the Court lacks jurisdiction over Jorge's Petition, and the Petition will be transferred to the District of New Mexico.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Jorge C.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **TRANSFERRED** to the United States District Court for the District of New Mexico.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 18, 2026                   s/ Eric C. Tostrud
                                            Eric C. Tostrud
                                            United States District Court